In the Matter of the Claim of JAMES WALTER, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Appellant.

Third Department, September 13, 1984

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Rochelle Abou El Khier* and *Jonathan Irons* of counsel), for appellant.

*William Goldman* for respondent.

OPINION OF THE COURT

YESAWICH, JR., J.

In mid-May of 1980, claimant was separated from employment with the Columbia Rope Company in the City of Auburn, Cayuga County. Although there was work available for him at the time, he acceded to the layoff only because of advice from both his union and the employer that taking the layoff would protect his right to future trade readjustment allowance (TRA) benefits. He was idle

for two weeks, during which time he received unemployment insurance benefits and some TRA benefits. On June 1, 1980, claimant returned to the rope company where he remained in continual employment until it closed in June of 1982. Thereafter, he again filed for unemployment benefits, exhausted those, and then sought TRA benefits.

The Commissioner of Labor determined, and the administrative law judge agreed, that pursuant to sections 2291 and 2293 of title 19 of the United States Code, claimant's eligibility for TRA benefits commenced 52 weeks after his *first* claim (May, 1980) for unemployment benefits; hence, he was ineligible for TRA aid after May 24, 1982. The Board, reasoning that the date of the *most recent* claim (June, 1982) for unemployment benefits controlled claimant's eligibility, concluded otherwise and awarded claimant TRA assistance. This appeal by the Commissioner followed. We affirm.

Section 2293 (subd [a], par [2]) of title 19 of the United States Code declares that a TRA shall not be paid: "for any week after the 52-week period beginning with the first week following the first week in the period covered by the certification with respect to which the worker has exhausted (as determined for purposes of section 2291(a)(3)(B) of this title) all rights to that part of his unemployment insurance that is regular compensation." And section 2291 (subd [a], par [3], cl [B]), which sets forth the conditions a worker must meet to qualify for TRA benefits under section 2293, provides, in relevant part, that the worker must have "exhausted all rights to any unemployment insurance to which he was entitled (or would be entitled if he applied therefor)".

As the facts are undisputed, claimant's entitlement to TRA benefits turns entirely upon interpretation of statutory language and the legislative policy underlying these provisions of the Trade Act of 1974 (Act) as amended by the Omnibus Budget Reconciliation Act of 1981 (Pub L 97-35). The Act (US Code, tit 19, § 2101 *et seq.*) provides Federally funded relief, including TRAs, to workers adversely affected by foreign competition. Since the Act's purpose is patently remedial in nature, a liberal construction of the eligibility requirements for TRA support is in order (*International Union v Donovan,* 568 F Supp 1047, 1053).

Before the Act was amended in 1981, a worker could qualify to receive TRA help over a period of two years after the beginning of the "appropriate week" (US Code, tit 19, former § 2293, subd [b], par [1]). For a completely separated worker, this phrase was statutorily defined as "the week of his *most recent* total separation" (US Code, tit 19, former § 2293, subd [b], par [4], cl [A]; emphasis added; *Skrundz v Review Bd. of Ind. Employment Security,* __ Ind __, __, 444 NE2d 1217, 1223). Because the TRA program did not function as Congress had anticipated, the Act was amended, effective September 30, 1981. However, these amendments evidenced no intention by Congress to abandon the "most recent" separation date as the date for ascertaining the commencement of a worker's TRA eligibility period (see US Code Cong & Admin News, 1981, vol 2, p 801).

Pertinent regulations issued by the United States Secretary of Labor accord with this conclusion. They provide that a worker's eligibility generally ends "2 years after the beginning of the individual's appropriate week" (29 CFR 91.12 [a] [2]), and the "appropriate week" means "the week in which [a separated worker's] most recent total separation occurred" (29 CFR 91.3 [a] [5] [i]).

Reading sections 2291 and 2293, as the Commissioner urges, so that the TRA eligibility period commences on expiration of the worker's first claim to unemployment benefits not only clashes with the regulations, but is also assailable for being at odds with the remedial purpose of the Act. Furthermore, the Commissioner's construction is premised on an incorrect assumption that these sections, as amended in 1981, have retroactive influence. Upon enacting them, Congress, with particular clarity, announced that they were to apply to "trade readjustment allowances payable for weeks of unemployment which begin after September 30, 1981" (Omnibus Budget Reconciliation Act, § 2514, subd [a], par [2], cl [B], 95 US Stat 889). Made as it was in 1980, the initial TRA claim is therefore beyond the reach of the amendments.

Main, J. P., Casey, Mikoll and Harvey, JJ., concur.

Decision affirmed, without costs.