**Robert J. BEYER, Jr., Relator,**

v.

**HEAVY DUTY AIR, INC., Department of Jobs and Training, Respondents.**

No. C7–86–560.

Court of Appeals of Minnesota.

Sept. 23, 1986.

Richard A. Grayson, St. Paul, for Robert J. Beyer, Jr.

Carol A. Ellingson, St. Paul, for Heavy Duty Air, Inc.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for Dept. of Jobs and Training.

Considered and decided by FOLEY, P.J. and HUSPENI and CRIPPEN, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Relator has requested review of a determination that he is not entitled to receive unemployment compensation benefits pursuant to the "serious illness" exception to disqualification. We affirm.

## FACTS

After working for one month at Heavy Duty Air, Inc. as a manufacturing manager, Robert Beyer voluntarily resigned on September 27, 1985, and applied for unemployment compensation benefits. At the hearing held by a department referee to determine Beyer's right to benefits, Beyer testified that he resigned because of long hours, because he felt the job environment was unstable, and because he disliked his boss, who he believed had an unprofessional attitude.

After both parties had concluded their testimony, the referee noted a statement in the record which indicated that Beyer had been diagnosed as chemically dependent. However, in response to questioning, Beyer stated that his chemical dependency had nothing to do with his separation from employment.

The referee determined that Beyer should be allowed to receive unemployment compensation benefits, due to the chemical dependency exception to the disqualification statutes. A Commissioner's representative reversed, finding that Beyer did not separate from his employment due to his chemical dependency, but that he resigned because of job dissatisfaction. Beyer has appealed.

## ISSUE

Did the Commissioner's representative erroneously determine that Beyer resigned due to job dissatisfaction and not due to his chemical dependency?

## ANALYSIS

The chemical dependency exception to disqualification under the unemployment statutes provides:

An individual shall not be disqualified under [the voluntary quit and misconduct provisions] of this subdivision under any of the following conditions:

    *      *      *      *      *      *

(b) The individual is separated from employment due to his own serious illness provided that such individual has made reasonable efforts to retain his employment;

An individual who is separated from his employment *due to his illness of chemical dependency* which has been professionally diagnosed or for which he has voluntarily submitted to treatment and who fails to make consistent efforts to maintain the treatment he knows or has been professionally advised is necessary to control that illness has not made reasonable efforts to retain his employment.

Minn.Stat. § 268.09, subd. 1(2)(b) (1984) (emphasis supplied).

The referee issued several findings indicating that Beyer had a drinking problem during the time he was employed at Heavy Duty Air. The referee therefore concluded that Beyer should be allowed to receive unemployment compensation benefits under the above statutory provision. However, the referee also specifically found that Beyer voluntarily discontinued his job because of stress due to a long commute, long hours and disrespect by his boss. With regard to whether this stress was caused by Beyer's chemical dependency, the referee merely noted:

The evidence established that the claimant was drinking heavily during the course of this employment, and such drinking *may well have* had the effect of distorting the claimant's conduct and his attitude toward the employer * * *. (Emphasis supplied.)

The Commissioner's representative, in reversing the referee, agreed that Beyer did have a chemical dependency problem but determined that this was not the reason for his separation from employment.

 This court is limited to determining whether the Commissioner's findings are reasonably sustained by the evidence, after reviewing those findings in the light most favorable to the decision. *White v. Metropolitan Medical Center*, 332 N.W.2d 25, 26 (Minn.1983). The findings of the Commissioner's representative, rather than those of the referee, must be reviewed. *Winkler v. Park Refuse Service Inc.*, 361 N.W.2d 120, 123 (Minn.Ct.App.1985).

Here, there is ample evidence to support the decision by the Commissioner's representative that although Beyer had a drinking problem, it was not the cause of his separation. Beyer devoted the entire course of his testimony to explaining that he quit because he was dissatisfied with his job and his employer.[1] Indeed, he did not even bring up the subject of his chemical dependency; the referee herself raised the issue after the parties had rested. Upon questioning by the referee, Beyer then specifically stated that he did not quit due to his drinking problem.

To adopt Beyer's reasoning, it would be necessary to conclude that when an employee is chemically dependent, a separation must therefore always be "due to" that chemical dependency. Although in some instances a separation may occur as the result of several reasons, one of which might be chemical dependency, here the record supports the Commissioner's representative's determination that Beyer separated due to job dissatisfaction and not due to his chemical dependency.

1. On appeal, Beyer does not argue that his job

**DECISION**

The Commissioner's representative properly found that Beyer resigned due to job dissatisfaction, rather than chemical dependency.

Affirmed.

dissatisfaction constituted good cause to quit.