Farouk EMBABY, Relator,

v.

**DEPARTMENT OF JOBS AND TRAINING, Respondent.**

No. C2–86–1261.

Court of Appeals of Minnesota.

Dec. 23, 1986.

Martha A. Eaves, St. Paul, for relator.

Hubert H. Humphrey, III, Atty. Gen., Donald F. Notvik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

A Commissioner's representative from the Department of Jobs and Training determined that relator, Farouk Embaby, should not receive trade adjustment allowances under the Trade Act of 1974 because he was not separated from employment due to a lack of work. We affirm.

## FACTS

Farouk Embaby began working for Magnetic Peripherals, Inc. in 1981. In April 1984, he began experiencing adverse physical reactions when a new chemical was placed in open vats near his work area. He went to the employer's physician, who concluded that Embaby's symptoms were consistent with chemical exposure and recommended that he stay away from the vats.

The employer thereupon conducted air tests, which indicated that only a small amount of the chemical (.1 parts per million) was in the air near Embaby's work area. As a result, Embaby was directed to return to his regular work station.

Embaby continued to experience the symptoms, and sought the advice of his own physician and another company physician. Both doctors recommended that he stay away from the chemical.

Embaby informed the employer of the doctors' recommendations, and asked that he be moved out of his regular work area. When he was advised that he could not be moved or transferred to another assignment, Embaby requested a medical leave of absence. The employer denied his request because of the low level of the chemical substance in the air, but allowed him to take a 30–day personal leave of absence, beginning May 14, 1984. Extensions of the personal leave were granted until February 22, 1985, when Embaby was discharged.

During the course of Embaby's leave of absence, the employer attempted to find him another position, either at his most recent job classification or at a lower classification. In August 1984, the employer offered Embaby a microscope job, but he was unable to accept that position due to another (unrelated) medical restriction.

■ The employer was certified as an "adversely affected" employer under the Trade Act of 1974, 19 U.S.C. §§ 2101–2487 [1] (hereinafter "Act"), with an impact date of July 8, 1984. When Embaby's unemployment compensation ran out, he applied for trade adjustment assistance under the Act, contending that his separation from employment was caused by a lack of work. A Commissioner's representative from the Minnesota Department of Jobs and Training [2] denied Embaby's claim, find-

---

1. This Act was designed "to encourage 'open and non-discriminatory world trade' by providing, *inter alia,* procedures for safeguarding American industry and labor against injurious import competition." 19 U.S.C. § 2102; *Sneaker Cir-*

*cus, Inc. v. Carter,* 566 F.2d 396, 398 (2d Cir. 1977).

2. The Trade Adjustment Assistance Program is administered jointly by the Secretary of the U.S. Department of Labor and the Minnesota Department of Jobs & Training. *See* 19 U.S.C. § 2311.

ing that he was separated for medical reasons and not because of a lack of work. Embaby has appealed.

## ISSUE

Did the Commissioner's representative erroneously determine that Embaby is not entitled to receive assistance under the Trade Act of 1974 since he was separated from his employment because of medical reasons and not because of a lack of work?

## ANALYSIS

The purpose of the Trade Act of 1974 is to provide relief to workers adversely affected by foreign competition. 19 U.S.C. § 2102; *see Sneaker Circus, Inc.*, 566 F.2d at 398. This purpose is remedial; therefore the Act's eligibility provisions must be liberally construed. *Claim of Walter*, 103 A.D.2d 265, 479 N.Y.S.2d 918 (1984). 19 U.S.C. § 2291(a) (1986) provides that "[p]ayment of a trade readjustment allowance shall be made to an *adversely affected worker * * * "* under certain specified circumstances. (Emphasis supplied.) The phrase "adversely affected worker" is defined in 19 U.S.C. § 2319(2) (1985):

> The term "adversely affected worker" means an individual who, *because of lack of work* in adversely affected employment—
>
> (A) has been totally or partially separated from such employment * * *.

(Emphasis supplied.)

The definition of "adversely affected worker," however, is clear: the worker must be separated "because of lack of work." Where provisions of a statute are clear and unambiguous, they are not open to construction except in "rare and exceptional circumstances." *Howe v. Smith*, 452 U.S. 473, 483, 101 S.Ct. 2468, 2475, 69 L.Ed.2d 171 (1981) (citing *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978)). Clearly, then, to be entitled to assistance under the Act, a worker must be separated for lack of work, and not for medical reasons.

Embaby challenges the Commissioner's representative's determination that he was separated for medical reasons and not for lack of work, claiming that both reasons contributed in part to his discharge.

A Commissioner's representative's determination regarding the reason for an employee's separation is a factual determination. *See Beyer v. Heavy Duty Air*, 393 N.W.2d 380 (Minn.Ct.App.1986); *Harringer v. AA Portable Truck and Trailer Repair, Inc.*, 379 N.W.2d 222 (Minn.Ct.App. 1985). As such, that determination is subject to limited review. The evidence must be viewed in the light most favorable to the determination, and the only question which this court may consider is whether the record contains evidence sufficient to sustain that determination. *White v. Metropolitan Medical Center*, 332 N.W.2d 25–26 (Minn.1983).

While a separation from employment may occur for more than one reason, *Beyer*, 393 N.W.2d at 382, here the record supports the representative's determination that Embaby was discharged primarily because of his medical reasons, and not because of a lack of work. In a previous decision, another representative from the Department of Jobs and Training determined that Embaby was separated because of his own serious illness and was therefore entitled to receive unemployment compensation benefits. *See Decision on Appeal to the Commissioner*, No. 9740–2262–UC–84, filed Jan. 25, 1985. Also, a Department exhibit signed by Embaby lists the reason for his separation as "medical."

 Embaby's position was not eliminated; were it not for his medical problems, he could have continued working. In August, the employer found him another position which he was unable to accept, due to another medical restriction. This evidence,

---

A determination regarding entitlement to trade adjustment assistance under the Act is subject to the same review procedures as state unemployment insurance benefit claims. 19 U.S.C. § 2311(d); *Talberg v. Commissioner of Economic Security*, 370 N.W.2d 686, 688 (Minn.Ct.App. 1985).

as a whole, supports the representative's determination that Embaby was separated because of his medical problems and not because of a lack of work. Embaby is therefore not entitled to receive assistance under the Trade Act of 1974.

### DECISION

The Commissioner's representative properly determined that Embaby was separated because of his medical problems, and is not entitled to receive assistance under the Trade Act of 1974.

Affirmed.