*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0365**

Velma Ostman,
Relator,

vs.

Range Center, Inc.,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed October 3, 2016
Affirmed
Klaphake, Judge**[*]

Department of Employment and Economic Development
File No. 33980333-3

Velma Ostman, Mountain Iron, Minnesota (pro se relator)

Range Center, Inc., Chisholm, Minnesota (respondent)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

Considered and decided by Bjorkman, Presiding Judge; Reilly, Judge; and Klaphake, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Relator Velma Ostman challenges the decision of an unemployment law judge (ULJ) that she is ineligible for unemployment benefits because she quit her residential-program-instructor job without good reason caused by her employer respondent Range Center, Inc., a group home for persons with developmental disabilities. Because Ostman failed to give Range Center an opportunity to address her concerns about the adverse working conditions, she does not qualify for unemployment benefits. We affirm.

## DECISION

When reviewing a ULJ's eligibility decision, we may affirm, remand for further proceedings, or reverse or modify the decision if the substantial rights of the relator have been prejudiced because the findings, inferences, conclusion, or decision are affected by an error of law or are unsupported by substantial evidence. Minn. Stat. § 268.105, subd. 7(d) (Supp. 2015) (listing bases on which this court may reverse or modify a ULJ's decision).

An employee who quits employment cannot collect unemployment benefits unless, as relevant here, the employee quits for a good reason caused by the employer. Minn. Stat. § 268.095, subd. 1(1) (2014). An employee quits when, at the time his or her employment ended, it was the employee's decision to end the employment. *Id.*, subd. 2(a) (2014). "Irreconcilable differences with an employer" and "mere dissatisfaction with working conditions" do not establish good cause to quit. *Ryks v. Nieuwsma Livestock Equip.*, 410 N.W.2d 380, 382 (Minn. App. 1987). Additionally, before quitting can be considered to

be for good reason, an employee is required to "complain to the employer and give the employer a reasonable opportunity to correct the adverse working conditions." Minn. Stat. § 268.095, subd. 3(c) (2014).

Whether an employee has a good reason to quit caused by an employer is a question of law, which we review de novo. *Rovwan v. Dream It, Inc.*, 812 N.W.2d 879, 883 (Minn. App. 2012). The reason an employee quit employment, however, is a question of fact. *Beyer v. Heavy Duty Air, Inc.*, 393 N.W.2d 380, 382 (Minn. App. 1986). The conclusion that an employee did not have a good reason to quit must be based on factual findings supported by substantial evidence. *Nichols v. Reliant Eng'g & Mfg., Inc.*, 720 N.W.2d 590, 594 (Minn. App. 2006). Factual findings are viewed in the light most favorable to the ULJ's decision, and we will not disturb them if they are substantially supported by the evidence in the record. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006).

Ostman's cited reasons for being dissatisfied with her employment were that: (1) her supervisor refused to change her work schedule, as she requested; (2) her supervisor denied her repeated timely requests for time off during the last year of her employment; (3) her supervisor did not allow her to participate in two training classes that would have made her eligible for pay raises; (4) gifts that she gave to group-home residents disappeared, and she believed that they were stolen by other staff; and (5) a resident complained to Ostman that a staff person had pulled the resident's hair. The record reflects that Ostman never reported her concerns to human resources, her union, or to anyone representing Range Center other than her supervisor, whom she believed was treating her

3

unfairly. She did speak to someone in human resources on one occasion about the denial of her first request to attend a training class, and was told they would "see what happens next year." Ostman never pursued this matter further. Although Ostman may have had legitimate reasons for being dissatisfied with her employment, the record shows that she failed to give Range Center an opportunity to address her concerns before quitting. Therefore, her complaints cannot be considered a good reason for quitting her employment under Minn. Stat. § 268.095, subd. 3(c).

The ULJ did not err by concluding that Ostman quit without a good reason caused by her employer, and Ostman does not qualify for unemployment benefits.

**Affirmed.**